UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILIP WALTER GABRIEL,

    Plaintiff,

        v.

WAYNE COUNTY JAIL,

    Defendant.

_____/

Case No. 21-cv-10014

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER DISMISSING CASE WITHOUT PREJUDICE AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Philip Walter Gabriel filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, challenging the conditions of his confinement at the Wayne County Jail in Detroit, Michigan.  *See* ECF No. 1.  Subsequently, a court notice mailed to Gabriel at the Wayne County Jail was returned as undeliverable because Plaintiff was no longer incarcerated at that facility.  ECF No. 7.  The Court has since learned that Gabriel was released on bond.  *See People v. Gabriel*, No. 20-005150-01-FH (Wayne Cty. Cir. Ct. Apr. 23, 2021).  For the reasons that follow, the Complaint is summarily dismissed without prejudice.

Under this Court's local rules, a court may dismiss a case based on a plaintiff's failure to keep the court apprised of address changes:

> Every attorney and every party not represented by an attorney must include his or her contact information consisting of his or her address, e-mail address,

and telephone number on the first paper that person files in a case. If there is a change in the contact information, that person promptly must file and serve a notice with the new contact information. The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs.

E.D. Mich. LR 11.2.

A district court may also dismiss a civil action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41.2. *See Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001). Here, Plaintiff had a duty to provide the Court with his current address or risk dismissal. *See Watsy v. Richards*, 816 F.2d 683 (6th Cir. 1987) (affirming dismissal for failure to prosecute where plaintiff failed to provide district court with "current address necessary to enable communication with him."). "[I]t is the party, not the court, who bears the burden of apprising the court of any changes to his or her mailing address." *Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012). *Pro se* litigants like Plaintiff have the same obligation as an attorney to notify the Court of a change of address. *See Watsy*, 816 F.2d at 683.

Given the notice that Plaintiff is no longer incarcerated at Wayne County Jail, Plaintiff has not provided the Court with his current address or contact information. Therefore, this Court will dismiss the case without prejudice for want of prosecution. *See, e.g., Alam v. Carvajal*, No. 5:20-CV-11407, 2020 WL 4583837 at * 2 (E.D. Mich. Aug. 10, 2020) (dismissing complaint for want of prosecution based upon

failure to provide current address); *Brown v. White*, No. 2:09-CV-12902, 2010 WL 1780954 at *1 (E.D. Mich. Apr. 30, 2010) (holding the same).

Accordingly, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.  The Court also concludes that an appeal from this order cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  The Court therefore **DENIES** leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED.**

s/Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated:  August 2, 2021

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 2, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager